### STATE v BOND

Ohio Appeals, 2nd Dist, Fayette Co.

No. 244. Decided Dec. 12, 1939.

Charles J. Schwart, Pros. Atty., Washington C. H., for plaintiff-appellee.

R. M. Winegardner, Washington C. H., for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on appellee's motion to dismiss defendant's appeal on the claimed ground that the bill of exceptions is improperly filed and therefore may not be considered on any errors solely manifest therein; it is contended that no motion for new trial was filed in the common pleas court, which is a predicate to the proper allowance of a bill of exceptions.

In the event motion to dismiss the appeal is overruled, the cause is presented on the merits, briefs thereon having been previously filed and oral argument waived.

We state at once that the motion to dismiss must be overruled for the reason that the Supreme Court of Ohio has decided that it is improper procedure to dismiss for failure to present bill of exceptions, since error may be manifest in other particulars, and even if the claimed ground of error can only be shown through a bill of exceptions, the proper order would be an affirmance of the judgment of the lower court rather than to dismiss the appeal.

An examination of the transcript of docket and journal entries and the original papers definitely discloses that the motion for new trial was not filed in the trial court and for that reason the bill of exceptions was improperly allowed and may not be considered by us on review.

Any claimed errors which are only manifest through the bill of exceptions will necessarily be overruled.

Counsel for appellant, near the close of his brief, sets out in twelve separately numbered specifications the errors complained of, which we accept as what should be designated "Assignments of Errors", and more appropriately filed on the first pages of brief. (For future consideration we refer counsel to suggested forms of brief as presented in supplement to Court of Appeals' Rule VII, found published in Ohio Bar under date of October 23, 1939).

An examination of the errors complained of very clearly discloses that Nos. 4, 5, 6, 7, 8, 9, 10, 11, and 12 may only be determined through an examination of the bill of exceptions and since, as heretofore found, the bill of exceptions is not properly before us, the above numbered specifications of error are overruled.

Nos. 1, 2 and 3 are properly presented. These specifications will now be considered in order.

"1. The search warrant was illegal for the reason it gave no authority for the Sheriff of Fayette County or any other Police Officer the right to trespass on and search the home of Pearl Bond. Any whiskey, legally purchased, and in said home, at the time of the

raid, cannot be used, legally, as evidence in this case."

So far as we are advised, this question was not raised in the trial court and therefore may not properly be presented here for the first time. The proper procedure for the **Headnote 3.** defendant to have followed in the court below is very clearly and definitely set out in the case of **Howe v State of Ohio, 39 Oh Ap 58.** The syllabus reads as follows:

"A defendant who thinks himself wronged by a seizure of property belonging to him, which he expects will be used against him later as evidence on a criminal charge, must seasonably apply to the court for a return of the property so that the issue of the legality of the seizure can be determined in accordance with law and in an orderly manner before the trial of the criminal case; and in such application he should set forth, so that they may be tried in that proceeding, all of his claims of illegality, and a claim not then made cannot be raised for the first time in a reviewing court."

This claimed ground of error is not well taken.

The second ground of error is as follows:

"2. The attempt to consolidate the separate charges, in Cases No. 3351 and 3354, into Case No. 3355, was illegal and highly prejudicial, to the defendant-appellant, for the reason he was not personally present, in open court, and did not consent thereto as the law requires."

It appears that counsel for the defendant and not the State made the application for the consolidation of the three cases and, as we understand, this same counsel is now objecting because his client, the defendant, was not physically present when this purely procedural step was being taken

en. Counsel for the State in his brief states that originally he was not in favor of having the three cases consolidated, but finally consented on the request of the defense. If we may be pardoned for injecting a little levity into a very serious litigation, we would like to say that the situation reminds us of the story of the trapper who carefully placed his bear trap in a favored spot. Afterwards he forgot its location, was caught in it himself and then blamed the bear.

We have no information that any objection was made by the defendant or his counsel before or during the trial to the consolidation of the three cases. Apparently the objection is first raised in this Court. The three separate charges against the defendant finally consolidated were as follows:

1. Selling of intoxicating liquor without having a permit, etc.

2. Illegal possession for sale of intoxicating liquor.

3. Keeping place where intoxicating liquor was sold in violation of law, etc.

We know of no law whch directly or inferentially provides that the defendant must be physically present in Court when purely procedural questions are being presented. Claimed error No. 2 will be overruled.

The third ground of error is as follows:

"3. The information filed by the Prosecuting Attorney, in this case, and on which the defendant-appellant was tried, is illegal for the reason, First: It improperly joins three separate and distinct charges, against the defendant, involving different offenses supposed to have occurred at different dates and Second: Because there is no authority in law for a Deputy Clerk of Courts to administer an oath to an information and the said information was therefore illegal and void."

Observations made relative to Assignment No. 2 are applicable here.

If, as claimed, the different counts were improperly joined, it is hard to understand how error could be claimed since the joining and consolidating of the three separately stated cases was on the application of counsel for the defendant. No rule of law is better established than that "a party may not invite error and afterwards take advantage of it". However, it is our conclusion that the counts were properly joined and independent of any motion of counsel for defendant for consolidation, the Prosecutor might very appropriately have filed his information under separate counts.

**Sec. 13437-3 GC** reads, in part, as follows:

"An indictment or information may charge two or more different offenses connected together. in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated."

These different offenses were apparently connected in their commission and therefore would come directly under the provisions of the above quoted section. The objection that the deputy clerk administered the oath on information is not well taken. No error presents itself under Assignment No. 3.

Finding no prejudicial error, the judgment of the trial court will be affirmed and costs adjudged against appellant. Cause remanded for further proceedings according to law.

HORNBECK, PJ. & GEIGER, J., concur.